(10 Misc. Rep. 51.)

### CROUNSE v. ALFRED SCHRIMPTON & SONS, Limited.

#### (City Court of New York, General Term. October 23, 1894.)

SALE—RIGHT OF BUYER.

In an action to recover goods which had been sold to plaintiff by defendant, it appeared that defendant delivered the goods to an express company for delivery to plaintiff, who refused to accept them; that defendant obtained a judgment against plaintiff for the price, and afterwards, when plaintiff demanded possession, refused to deliver the goods, or say where they were. *Held*, that it was error to direct a verdict for defendant.

Appeal from trial term.

Action by David R. Crounse against Alfred Schrimpton & Sons, Limited. The complaint was dismissed, and plaintiff appeals. Reversed.

Argued before EHRLICH, C. J., and NEWBURGER, J.

I. N. Miller, for appellant.

C. E. Miller, for respondent.

EHRLICH, C. J. The complaint alleges that the defendant, a corporation, entered into an agreement whereby it agreed to sell

·and deliver to the plaintiff, at 601 Tenth avenue, three great gross papers of pins, for which the plaintiff was to pay $162; that the plaintiff paid for the pins; and that the defendant, after demand, refused to deliver them, or return the money. The defendant admits the agreement of sale, and sets up that it delivered the pins to Dunlap's Express Company for delivery to the plaintiff; that the ·express company delivered the pins at the store of the plaintiff, but the latter refused to receive them, which goods, the defendant believes, are now held by the Dunlap Express Company, subject to the plaintiff's order. For a further defense, the defendant alleges that, in an action brought in the first judicial district court by it against the plaintiff, the defendant, on May 23, 1893, recovered judgment against the plaintiff for the purchase price of the pins. Upon the trial of this action the judgment of the first judicial district court was admitted in evidence, and it ·was also conceded ·that it had been fully paid and satisfied. It also appeared in evidence that, after paying the judgment, the plaintiff heard nothing ·from the defendant about the pins; that on June 14, 1894, he went to the defendant's place of business, saw its manager, and asked him to tell him where the pins were, and that the manager refused ·to give him this information. At the conclusion of the testimony, ·defendant's attorney moved that the complaint be dismissed, where- ·upon the court directed the jury to find a verdict for the defendant, to which direction plaintiff's counsel excepted. We think this ·was error. The judgment in the first judicial district court simply ·established that the defendant, having tendered the pins to the ·plaintiff, was entitled to the purchase price. When the plaintiff ·paid that judgment, the title to the pins became vested in him. He was entitled to their possession, and the defendant was under an obligation either to deliver them to him, or to tell him where they were, so that he could get possession of his property. The ·motion to dismiss pointed out no specific failure of plaintiff's proof, and it was error to direct a verdict in favor of the defendant. The plaintiff made out a case calling for some explanation from the de- ·fendant. None was offered. For these reasons, the judgment appealed from must be reversed, and a new trial ordered, with costs ·to the appellant to abide the event.